(72 Misc. Rep. 530.)

### IRELAND REAL ESTATE CO. v. NEW YORK, N. H. & H. R. CO.

(City Court of New York, Trial Term.   June, 1911.)

LANDLORD AND TENANT (§ 130*)—LEASE—QUIET POSSESSION—BREACH OF COV-
ENANTS.

A lessor covenanted that the lessee might peaceably enjoy the demised
premises, which consisted of lands fronting on navigable waters, lands
under water contiguous thereto, and rights of wharfage and cranage
without any hindrance from the lessor except in respect of any action
which might be taken by the city or state of New York or the United
States. *Held,* that the covenant was not broken by the act of the com-
missioner of docks of the city of New York in revoking a permit previ-
ously given to the lessee to build a pier on the premises because of a
claim of a third party to ownership of part of the premises, where the
permit is restored within 10 days.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
470–481; Dec. Dig. § 130.*]

Action by the Ireland Real Estate Company against the New York,
New Haven & Hartford Railroad Company. Judgment for plaintiff.

Henry Thompson, for plaintiff.
Charles M. Sheafe, Jr., for defendant.

FINELITE, J.   This action was brought to recover a balance un-
paid of one-quarter's rent due under an instrument in writing ex-
ecuted between the parties hereto. At the conclusion of the trial had
herein, the plaintiff moved for a direction in his favor for the sum
of $362.06, inclusive of interest, for the balance due said plaintiff
for said rent. The court granted the motion. The defendant then
moved to set aside the verdict as directed and for a new trial on all
the grounds set forth in section 999 of the Code of Civil Procedure.
The court thereupon stated that it would entertain a motion for a
new trial on the law involved therein. The plaintiff is a corporation
organized and existing under the laws of the state of New York, and
defendant is a corporation organized under the laws of the state or
Connecticut. By an instrument in writing dated the 17th day of Sep-
tember, 1908, duly executed between the parties hereto, the plaintiff
leased to the defendant—

"all that certain lot, piece or parcel of land and bulkhead, situate, lying and
being in the borough of Brooklyn, city, county and state of New York, and
that part which was lately in the city and formerly the village of Williams-
burgh, in the county of Kings, state of New York, described as follows: Be-
ginning at the southwesterly corner of River and North First streets; and
running thence southerly, along River street, one hundred and fifty-four feet
to land of Nassau Ferry Company; thence westerly, along land of said Nas-
sau Ferry Company, to the East River; thence northerly, along the bulkhead
on said river, one hundred and thirty-nine feet to North First street; and
thence easterly, along North First street, two hundred and eighty-three feet
to said southwesterly corner of River and North First streets, at the point
or place of beginning, be the said several dimensions more or less; and also
all the rights of the said parties of the first part to all wharfage, dockage and
cranage upon or in front of said premises on the East River, and also upon
or in front of that part of North First street extending along said East River,
about thirty-six feet from the southerly side of said street, with the appurte-

nances. To have and to hold the said premises hereby demised or expressed so to be, with the appurtenances, to the said defendant, its successors and assigns for the term of ten (10) years from the 1st day of October, 1908, with the option and privileges to the said defendant upon giving notice in writing to the plaintiff of its intention to avail itself of said option or privilege at least eighteen (18) months before the expiration of said term or renewal thereof of two further terms of ten (10) years each from the expiration of last preceding term of ten years, upon the conditions and covenants hereinbefore expressed."

Then follows:

"The rental to be at the sum of $13,500 per year for the first ten years, to be paid in installments of $3,375 each quarterly, in advance, on the 1st day of October, January, April and July, during the whole of said term, etc.,  *  *  * and by said lease the defendant covenanted (paragraph 2) to pay rent on the days of payment without any deductions  *  *  * and by paragraph 4 agreed to comply with all rules, ordinances, laws and regulations of the city of New York and of any and all of its departments and bureaus applicable in and to the said premises  *  *  * and by paragraph 7 plaintiff covenanted and agreed with the defendant, on said defendant fully performing all of the covenants and agreements as aforesaid, it may peaceably and quietly have, hold and enjoy the said demised premises without any let, suit, trouble or hindrances of or from the said plaintiff  *  *  * except in respect of any action which may be taken by or on behalf of the city or State of New York or the government of the United States."

Thereafter, and on December 29, 1908, a supplemental agreement was executed between the parties, being supplemental to said lease in respect solely to include any right, title, and interest of the plaintiff in and to lands under water in front of or adjacent to said premises in said indenture bearing date the 17th day of September, 1908, demised and leased as aforesaid. On February 26, 1910, a further agreement was made and executed between the parties, and is herein in extenso set out as follows:

"The rent reserved in the within lease is hereby reduced seven (7) per cent. throughout the whole term as an equitable allowance for shortage of eleven (11) feet or thereabouts on the northerly edge of the premises and four (4) feet or thereabouts on the southerly edge of the premises. All of the terms and conditions in this lease and in the supplemental agreement dated December 29, 1908, are hereby renewed and confirmed, *subject, however, to the express condition that the lessee shall not hereafter be required to pay rent in case of any breach of a substantial nature of the covenants for quiet enjoyment of the premises or in case of any governmental or municipal interference of a substantial nature either with the use of the upland or of the land under water or of the pier proposed to be erected thereon south of a continuation of the centre line of North First street, and in case such interference shall substantially prevent the lessee from carrying on its business on the demised premises the lessee is hereby entitled to terminate* and cancel the said *lease and agreement of December 29, 1908, and shall be required to pay rent only up to the date of giving written notice of cancellation on its part, together with a reasonable compensation for the use of any remaining portion of the premises which shall not have been interfered with* up to the time of vacating the same, pursuant to this agreement."

Defendant entered into possession of the demised premises in October, 1908, and is still in possession. The rent was paid quarterly regularly up to July 1, 1910, when, on said day, defendant paid the sum of $2,794.75 on account of the quarterly rent then due, leaving a balance due and unpaid in the sum of $344. The defendant by its

amended answer denies that it is indebted to the plaintiff in said sum as aforesaid, and further alleges a counterclaim against the plaintiff as follows:

"That by and under the instrument in writing referred to in plaintiff's complaint herein this defendant paid to the plaintiff on the 1st day of April, 1910, the sum of $3,138.75 as rent for the ensuing term of three months; that in and by said instruments the plaintiff covenanted and agreed that the defendant should have possession of said property, and that any interference with such possession by lawful authorities should be deducted from said rent; that in the month of June, 1910, this defendant, for a period of time, was actually kept out of the possession of said premises by the action of the lawful and proper municipal authority; that the proportional amount of said rent for the period during which the defendant was deprived of possession of the premises in question is three hundred forty-four dollars ($344), for which sum defendant demands a judgment against the plaintiff."

It now appears from the facts herein briefly stated that, after the original lease was executed, the defendant went into possession of the premises and paid rent, including the quarter's rent which became due on the 1st day of April, 1910. When the next quarter's rent became due, to wit, July 1, 1910, the defendant withheld $344 of the rent upon the ground and for the alleged reason that during ten days of the previous three months, namely, from June 13, 1910, to June 23, 1910, it had been kept out of possession of the said premises by the action of the municipal authority of the city of New York. The defendant at the trial offered a number of papers to be marked as exhibits which were rejected by the court for the reason that they were irrelevant to the issues involved herein.

Defendant contends that it applied to the commissioner of docks for a permit to build a pier on the premises, and, when said application was made, the plaintiff co-operated with it. The permit was granted by the commissioner of docks to the defendant, who thereupon prepared plans for the erection of a pier and obtained bids for its construction. On June 13, 1910, the commissioner of docks revoked this permit. The act of the commissioner of docks was caused by a third party, who made claim to part of the premises leased on which said pier was to be erected. After hearing was had before said commissioner, the permit was restored to the defendants after a period of 10 days from its revocation with a provision that the defendants would be allowed to proceed with the building of the pier upon filing plans and specifications and the approval of the same by the chief engineer of the dock department. This cessation of 10 days is the claim made by the defendant to the effect that it had been kept out of possession of part of the leased premises on which the pier was to be erected by the act of the municipal authority of the city of New York. The commissioner of docks is invested with and has exclusive government and regulation of all wharf property, wharves, piers, bulkheads, and structures thereon and water adjacent thereto, and all basin slips and docks with the land under water in said city not owned by said corporation (Greater New York Charter [Laws 1901, c. 466, subch. 16] § 818), from whom all permits must first be obtained for the purposes above enumerated. Now, in construing the lease and the modification, can it be said that the act of the com-

missioner of docks in revoking and after 10 days reinstating the permit to the defendant was a breach of the covenant of quiet enjoyment of the lease? The lease and its modifications must be taken together and construed as one contract, to effect the intention of the parties, so that construction of the lease is to be preferred which will make it a just, fair, and equitable contract mutually obligatory in its essential provisions. The lease contained covenants for quiet enjoyment, to the effect that, upon said defendant paying rent on the days of payment without any deductions and agreeing to comply with the rules, ordinances, laws, and regulations of the city of New York and of any and all of its departments and bureaus applicable in and to said premises, it may peaceably and quietly have, hold, and enjoy the demised premises without let or hindrance of or from said plaintiff, except in respect of any action that might be taken by the city or state of New York or the government of the United States. By the agreement of February 26, 1910, said lease was modified to the effect that in case of any breach of a substantial nature of the covenants of quiet enjoyment or in case of any governmental or municipal interference of a substantial nature either with the use of the upland or of the land under water or of the pier proposed to be erected thereon, or in case such interference shall substantially prevent defendant from carrying on its business, rent shall cease up to the date written notice of cancellation is given to the plaintiff. The revocation of said permit was not caused by the act of plaintiff. The commissioner of docks was the one who revoked the permit, and he had authority to do so by the powers vested in him. The granting or the withholding of such permit rests in the sound discretion of the commissioner, and the defendant is not entitled thereto as a matter of right. Langdon v. Mayor, 9 N. Y. St. Rep. 766; Id., 133 N. Y. 628, 31 N. E. 98. The lease is silent as to any covenant on the part of the plaintiff that it covenanted to procure or furnish such permit for the defendant, nor has any evidence been adduced on the part of the defendant that it complied with the conditions laid down by the commissioner in the furnishing of plans and specifications at or on the issuing of the permit in the first instance. But such neglect cannot be charged against the plaintiff, nor did the plaintiff guarantee that the city would allow the defendant to build a pier. The suspension, which was only temporary, was an incident to which the commissioner had a legal right, and, under the circumstances then existing, the withholding of the permit by the municipal authority is not an interference with a covenant contained in the lease for quiet enjoyment. It does not interfere with the title or legal possession. If an error had been committed by the commissioner of docks, it was not through the instrumentality of the plaintiff. It must be charged against the commissioner, and not the plaintiff. The municipal interference as claimed by the defendant cannot be construed in law as an eviction. The defendant was in full possession of all of the demised premises, irrespective of the act of the municipal authority. The temporary suspension of the permit does not mean, nor can it be legally construed, an ouster and eviction. No substantial interruption of the use of the

demised premises or the upland or the land under water was effected by the suspension of the permit. Nor can it be said that through the interference of the municipal authority was the defendant deprived of the quiet enjoyment of the premises. For the reasons hereinabove stated the court was justified in directing a verdict in favor of the plaintiff on the question of law. The motion to set aside the verdict and grant a new trial must therefore be denied, and the defendant's counterclaim must be dismissed in favor of plaintiff accordingly, with costs. Settle order on one day's notice.

Judgment for plaintiff.